ALTENBERND, Chief Judge.
William G. Athey and Jeanne Athey both appeal the final judgment of dissolution of marriage in this case. We affirm that final judgment in all respects except for two minor issues.
First, for approximately seven months prior to the entry of the final judgment, the husband was the primary residential parent of the couple’s two children. For this period, June 10, 2000, to January 23, 2001, the husband requested an award of child support. It appears that the trial court reserved ruling on this request in a pretrial order entered on September 5, 2000. The issue simply was not addressed in the final judgment. The husband filed a timely motion for rehearing that raised numerous issues. He renewed his request for a decision as to this award of child support. The trial court denied the motion for rehearing without any explanation. On remand, the trial court shall determine whether the husband is entitled to an award of child support from the wife for this period and, if so, the amount of that award.
Second, the final judgment awarded the wife bridge-the-gap alimony. See Borchard v. Borchard, 730 So.2d 748 (Fla. 2d DCA 1999). The judgment requires the husband to make thirty-six *334 monthly payments of $800. We conclude that the evidence in this case supports an award of such alimony. On the other hand, the trial court’s order does not characterize this award as permanent lump sum alimony, payable in installments. The order uses ambiguous language that seems to award bridge-the-gap alimony as either unauthorized rehabilitative alimony or unauthorized nonpermanent periodic alimony. The bridge-the-gap alimony recognized in Borchard, is lump sum alimony. For reasons both legal and practical, we continue to require that bridge-the-gap alimony be awarded as a form of permanent lump sum alimony that does not terminate upon the death of the payor or the remarriage of the payee. On remand, the trial court shall amend the award of alimony to specify that it is an award of $28,800 payable in thirty-six monthly payments of $800.
Affirmed in part, reversed in part, and remanded.
COVINGTON, J., and GREEN, OLIVER L., SENIOR JUDGE, Concur.